Nash, J.
 

 If this be a case in which the doctrine of attornment applies, the statement made by the presiding Judge shows that the defendant did attorn. The defendant was in possession of the wharf under the plaintiff, His term under Parsley had expired and he had accepted from the plaintiff a lease for the room in the ware-house.
 

 This is simply a case of sub-letting, by which the defendant became a tenant under the plaintiff This was an acknowledgement of his right and coupled with possession under him would amount to an attornment.
 

 We do not think the plaintiff’s second objection a sound one, applicable to this case. It is true as a general proposition that any occupation of one man’s land by another, under a contract, is, in law, considered a tenancy from year to year.- and this from policy and
 
 to
 
 favor agriculture. In which ease, the lessor cannot support an action for the rent until the end of the year.
 

 But it doe® not follow because the law favors leases from year to- year, that the parties- may not contract for a shorter period, and, if so-, the action can be brought as soon as the time of renting, expires it depends upon the contract of the parties. Here there was no direct evidence of a specific contract, either as to'time'or rent, and it was a question for the jury to decide, from the circum»-stances of tlic case, what the contract was. The wharf was' occupied by the defendant, not for the purposes of agriculture, but as a- convenience in carrying on his work on the adjacent lot. If the jury believed that it was understood by the parties mutually that the defen*
 
 *215
 
 dant was to occupy it for the whole year or for a short time, as his convenience required, then that was their contract, and if they should believe that the convenience of the defendant required its occupation the whole year, the action was prematurely brought, because he would be entitled to the possession until the end of the year. If, on the other side, the convenience of the defendant required a shorter occupation and he terminated his possession, because he had no further use for it, the term ended, and the plaintiff would be entitled to demand his rent as soon as the occupation ceased. We must suppose that the Judge gave an instruction to this effect, or that the defendant did not deem it essential that he should, as no prayer for such instruction or refusal to give it is stated in the defendant’s exception. The omis'sion of proper instruction does not constitute error, but its refusal does.
 
 Simpson
 
 v.
 
 Blount,
 
 3 Dev. 34.
 

 Per Curiam. Judgment affirmed.